UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NIQUEL REID, : | |
| Plaintiff : | Civil Action No. _____ |
| : | |
| vs. : | |
| : | **COMPLAINT AND JURY DEMAND** |
| CITY OF BOSTON, SHAWN MARANDO, : | |
| CHARBEL KAMEL, TIMOTHY DENIO, and : | |
| DOES 1 through 10, : | |
| Defendants : | |

Plaintiff Niquel Reid brings this civil rights action against City of Boston police officers and the City of Boston for injuries she suffered as an innocent bystander as the result of the officers' use of excessive force in their efforts to subdue a third party suspect, in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Massachusetts law.

## PARTIES

1. Plaintiff Niquel Reid ("Reid") is a natural person residing in the City of Boston, Suffolk County, Massachusetts.

2. Defendant City of Boston ("City") is a municipal corporation existing under the laws of the Commonwealth of Massachusetts.

3. At all times mentioned herein, defendant Shawn Marando ("Marando") has been a police officer employed by the City. Marando's conduct and actions as set forth herein were taken under color of the laws of the Commonwealth of Massachusetts and in the course and scope of his employment with the City. Marando is sued herein in his individual capacity.

4. At all times mentioned herein, defendant Charbel Kamel ("Kamel") has been a police officer employed by the City. Kamel's conduct and actions as set forth herein were taken under

color of the laws of the Commonwealth of Massachusetts and in the course and scope of his employment with the City.  Kamel is sued herein in his individual capacity.

5. At all times mentioned herein, defendant Timothy Denio ("Denio") has been a police officer employed by the City.  Denio's conduct and actions as set forth herein were taken under color of the laws of the Commonwealth of Massachusetts and in the course and scope of his employment with the City.  Denio is sued herein in his individual capacity.

6. Defendant Does 1 through 10 are, upon information and belief, police officers employed by the City whose true names and capacities are at present unknown to Plaintiff but who participated in, directed, and/or otherwise were parties to the conduct at issue in this Complaint and/or responsible for the plaintiff's injuries and damages.   Plaintiff will amend her Complaint to state the true names and capacities of DOES 1 through 10, inclusive, when each such defendant's true name and capacity has been ascertained.

7. Defendants Marando, Kamel, Denio, and DOES 1 - 10 are collectively referred to herein as the "Individual Defendants."

## JURISDICTION

8. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under Massachusetts state law.

## COMPLIANCE WITH PRE-SUIT CLAIM REQUIREMENTS

9. In accordance with M.G.L. c. 258 §4, a presentment of claims against the City of Boston was made via letter dated November 28, 2011 to the Honorable Thomas M. Menino, Mayor, and to William F. Sinnott, Corporation Counsel.

## FACTUAL ALLEGATIONS

10. Plaintiff is a 33-year old professional woman. She is successfully raising her four children in the same Dorchester neighborhood in which she was reared.

11. At all times herein Plaintiff has been gainfully employed and a model citizen with no criminal record or involvement whatsoever.

12. Shortly before 7:00 a.m. on the morning of Tuesday, June 14, 2011, as Plaintiff was at home readying herself and her children for the upcoming day, she received a telephone call from her sister, who lived not far from Plaintiff, also in Dorchester.

13. Her sister appeared to be having a fight with a male friend and sounded upset, so Plaintiff decided to drive over to her sister's home and pick up her sister and her 8-year old daughter.

14. The sister's residence on Dunbar Street is located between two public schools, in a densely populated neighborhood.

15. Arriving at the residence, Plaintiff parked her vehicle on the street in front of the house and stepped out onto the sidewalk.

16. Around the same time, an adult male who Plaintiff recognized as her sister's friend exited the house and began a conversation with Plaintiff on the sidewalk.

17. As the two were calmly conversing next to Plaintiff's car, the sister and young niece also exited the home and climbed into Plaintiff's vehicle.

18. Moments later, two City of Boston police cruisers carrying several officers, including on information and belief, Individual Defendants Marando, Kamel, and Denio, pulled up to the house and exited their vehicles.

19. The Individual Defendants asked Plaintiff words to the effect of, "what's going on," and "are you okay?" As Plaintiff and the male were simply engaged in normal conversation and

Plaintiff had neither been threatened nor had any reason to believe she was in any physical danger, Plaintiff responded that she was fine.

20. Plaintiff is a law abiding member of the community and had neither committed any crime nor was threatening any person. Further, the officers had no reasonable suspicion or probable cause to believe that Plaintiff had committed or was about to commit any crime.

21. Completely unbeknownst to Plaintiff, however, and to her great shock, terror, and surprise, the male apparently had a handgun in his clothing, which he produced and fired a single shot towards the Individual Defendants.

22. Notwithstanding that Plaintiff, her sister and the young child – all innocent bystanders -- were at most a few feet away, and that the densely populated neighborhood was beginning to bustle with work and school day activity, defendant Marando and at least one other officer unleashed a barrage of gunfire towards the male, leaving Plaintiff and her family members directly in the line of fire with no means of escape.

23. Upon information and belief, the officers felled the male almost instantly, striking him multiple times in the chest. Nevertheless, they continued firing in an excessive manner, discharging their weapons at least thirteen (13) times, and, in the process, striking Plaintiff in the left leg as well as piercing a window in the public elementary school a block away.

24. As the Individual Defendants had left her completely exposed and on her own during and immediately after the shooting, Plaintiff had to scream for someone to come and help her after the shooting ceased. An officer finally came over to her, laid her down on the ground, and fashioned a tourniquet from her shoelace to stem the heavy blood loss, while the other officer stood over her boasting about their shooting of the male.

25. Plaintiff had to be transported via ambulance to Beth Israel Deaconess Medical Center for emergency treatment of her gunshot wound, which entered one side of her lower left leg, tore through her calf area, and then exited the other side.

26. In addition to the gaping and permanently disfiguring entry and exit holes on her lower left leg, the bullet struck and damaged Plaintiff's Achilles tendon, requiring later surgical intervention that has left her with continued physical impairment and a permanent and disfiguring scar several inches in length..

27. Plaintiff suffered intense pain, extensive bleeding, swelling, numbness to touch, emotional shock, and extreme fear, anxiety and mental distress.

28. After discharge from her initial in-patient hospitalization, Plaintiff was physically unable to work or properly care for her children's needs or participate in their sports and other activities for at least six weeks, and was extremely fearful, anxious, and apprehensive.

29. Plaintiff required daily home care visits to clean her wound and change the dressings, assist with her pain management, and for physical therapy both initially and after the subsequent surgical repair of her Achilles tendon.

30. Plaintiff has required ongoing mental health treatment to cope with the extreme fear, anxiety, and other emotional effects of the incident.

31. At all times during the events and circumstances outlined above, Plaintiff was a completely innocent bystander, has never been suspected of criminal conduct, was never charged with any crime, and was never issued any citation of any kind regarding the subject incident(s).

32. Plaintiff's damages include the substantial medical and related expenses incurred in treating and rehabilitating the physical injuries to her left leg, her severe physical and emotional pain and suffering, emotional distress, and lost income.

## FIRST CAUSE OF ACTION
Violation of 42 U.S.C. Section 1983, Fourth and Fourteenth Amendment

33.  Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

34.  In doing the acts complained of herein, the Individual Defendants at all times were acting under color of law.

35.  The Individual Defendants had no justification for using force against Plaintiff, a law abiding citizen and innocent bystander.

36.  Even if the Individual Defendants had a reason to use force to subdue a third party unrelated to Plaintiff, the force they used was unreasonable and excessive.

37.  As a legal result of such conduct, the Individual Defendants deprived Plaintiff of her clearly established and well-settled rights under the Fourt Amendment to the U.S. Constitution, to be free from unreasonable force.

38.  The Individual Defendants acted with knowing or reckless disregard of Plaintiff's constitutional rights.

39.  As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered the injuries and damages described above.

## SECOND CAUSE OF ACTION
Massachusetts Civil Rights Act, M.G.L. c. 11, § 12

40.  Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

41.  The Individual Defendants violated Plaintiff's rights under state and federal law to be free from unreasonable force.

42. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered the injuries and damages described above.

### THIRD CAUSE OF ACTION
Assault and Battery

43. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

44. By the conduct alleged herein, the Individual Defendants placed Plaintiff in immediate and imminent fear of death and/or bodily harm.

45. By the conduct alleged herein, the Individual Defendants violently touched, battered, and/or handled Plaintiff in a harmful and/or offensive manner.

46. The Individual Defendants' conduct was without consent and/or legal justification and was malicious, oppressive, and/or conducted with reckless disregard for the rights and safety of others, including Plaintiff.

47. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered damages as described above.

### FOURTH CAUSE OF ACTION
Massachusetts Tort Claim Act -M.G.L. c. 258 vs. City

48. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

49. The Individual Defendants acted in a negligent manner by opening fire and firing their weapon excessively given that Plaintiff and other innocent bystanders were in the immediate zone of danger without means of escape, and by such extreme and outrageous conduct caused Plaintiff extreme emotional distress, anxiety, and fear for her life and the lives of her and sister and young niece, in addition the physical harm she suffered.

50.     Moreover, the City had a duty to properly train and supervise the Individual Defendants with respect to the protection of innocent bystanders when pursuing and/or subduing suspects, the use of lethal force and discharge of their firearms.

51.     Upon information and belief, the City breached this duty by failing to properly train and/or supervise the Individual Defendants such that as a direct and proximate result of such failures the Individual Defendants fired their weapons excessively and indiscriminately under the circumstances, on a busy residential street and school zone with no fewer than three innocent bystanders in the immediate zone of danger and failed to ensure the safety of such bystanders prior to the use of lethal force to subdue the suspect; otherwise fired an excessive number of bullets, particularly after the suspect had already been felled; and aimed and/or targeted their weapons so inaccurately or carelessly as to strike Plaintiff and the nearby elementary school.

52.     As a direct and proximate result of the aforesaid negligent conduct, Plaintiff has suffered damages.

53.     The City is liable for the negligent acts and omissions of the Individual Defendants which were taken in the course and scope of their employment with the City, and for its own negligent acts and omissions.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Niquel Reid prays that this Honorable Court:

1.     Award Plaintiff compensatory and punitive damages against the defendants, jointly and severally, in an amount to be determined at trial;

2.     Award Plaintiff special damages against the defendants, jointly and severally, in an amount to be determined at trial;

3.      Award Plaintiff compensation for her pain and suffering, emotional distress, and other expenses, jointly and severally, in an amount to be determined at trial;

4.      Award Plaintiff the costs incurred herein, plus her reasonable attorney's fees in accordance with 28 U.S.C. § 1983 and M.G.L. c. 12 § 11I; and

5.      Award Plaintiff such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a jury trial on all counts of this complaint.

Respectfully submitted,
NIQUEL REID
By her counsel,

*/s/ Christine R. Fitzgerald*

_____
Christine R. Fitzgerald (BBO 637906)
Belcher Fitzgerald LLP
112 Water Street, Suite 203
Boston, MA 02109
(617) 368-6890
cfitzgerald@belcherfitzgerald.com

Dated: January 14, 2013