UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NIQUEL REID, : | |
|     Plaintiff : | Civil Action No. 1:13-cv-10078-WGY |
| vs. : | |
| : | **FIRST AMENDED COMPLAINT** |
| CITY OF BOSTON, SHAWN MARANDO, CHARBEL KAMEL, TIMOTHY DENIO, and DOES 1 through 10, : | |
|     Defendants : | |

Plaintiff Niquel Reid brings this civil rights action against City of Boston police officers and the City of Boston for injuries she suffered as an innocent bystander as the result of the officers' use of excessive force in their efforts to subdue a third party suspect, in violation of Boston Police Department policies and procedures, her rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Massachusetts law.

PARTIES

1. Plaintiff Niquel Reid ("Reid") is a natural person residing in the City of Boston, Suffolk County, Massachusetts.

2. Defendant City of Boston ("City") is a municipal corporation existing under the laws of the Commonwealth of Massachusetts.

3. At all times mentioned herein, defendant Shawn Marando ("Marando") has been a police officer employed by the City. Marando's conduct and actions as set forth herein were taken under color of the laws of the Commonwealth of Massachusetts and in the course and scope of his employment with the City. Marando is sued herein in his individual capacity.

4.      At all times mentioned herein, defendant Charbel Kamel ("Kamel") has been a police officer employed by the City.   Kamel's conduct and actions as set forth herein were taken under color of the laws of the Commonwealth of Massachusetts and in the course and scope of his employment with the City.  Kamel is sued herein in his individual capacity.

5.      At all times mentioned herein, defendant Timothy Denio ("Denio") has been a police officer employed by the City.  Denio's conduct and actions as set forth herein were taken under color of the laws of the Commonwealth of Massachusetts and in the course and scope of his employment with the City.  Denio is sued herein in his individual capacity.

6.      Defendant Does 1 through 10 are, upon information and belief, police officers employed by the City whose true names and capacities are at present unknown to Plaintiff but who participated in, directed, and/or otherwise were parties to the conduct at issue in this Complaint and/or responsible for the plaintiff's injuries and damages.   Plaintiff will amend her Complaint to state the true names and capacities of DOES 1 through 10, inclusive, when each such defendant's true name and capacity has been ascertained.

7.      Defendants Marando, Kamel, Denio, and DOES 1 - 10 are collectively referred to herein as the "Individual Defendants."

## JURISDICTION

8.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under Massachusetts state law.

## COMPLIANCE WITH PRE-SUIT CLAIM REQUIREMENTS

9.      In accordance with M.G.L. c. 258 §4, a presentment of claims against the City of Boston was made via letter dated November 28, 2011 to the Honorable Thomas M. Menino, Mayor, and to William F. Sinnott, Corporation Counsel.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a 33-year old professional woman.  She is successfully raising her four children in the same Dorchester neighborhood in which she was reared.

11.     At all times herein Plaintiff has been gainfully employed and a model citizen with no criminal record or involvement whatsoever.

12.     Shortly before 7:00 a.m. on the morning of Tuesday, June 14, 2011, as Plaintiff was at home readying herself and her children for the upcoming day, she received a telephone call from her sister, who lived not far from Plaintiff, also in Dorchester.

13.     Her sister appeared to be having a fight with a male friend and sounded upset, so Plaintiff decided to drive over to her sister's home and pick up her sister and her 8-year old daughter.

14.     The sister's residence on Dunbar Street is located between two public schools, in a densely populated neighborhood.

15.     Arriving at the residence, Plaintiff parked her vehicle on the street in front of the house and stepped out onto the sidewalk.

16.     Around the same time, an adult male who Plaintiff recognized as her sister's friend exited the house and began a conversation with Plaintiff on the sidewalk.

17.     As the two were calmly conversing next to Plaintiff's car, the sister and young niece also exited the home and climbed into Plaintiff's vehicle.

18. Moments later, two City of Boston police cruisers carrying several officers, including on information and belief, Individual Defendants Marando, Kamel, and Denio, pulled up to the house and exited their vehicles.

19. The Individual Defendants asked Plaintiff words to the effect of, "what's going on," and "are you okay?" As Plaintiff and the male were simply engaged in normal conversation and Plaintiff had neither been threatened by the male nor had any reason to believe she was in any physical danger, Plaintiff responded that she was fine.

20. Plaintiff is a law abiding member of the community and had neither committed any crime nor was threatening any person. Further, the officers had no reasonable suspicion or probable cause to believe that Plaintiff had committed or was about to commit any crime.

21. Completely unbeknownst to Plaintiff, however, and to her great shock, terror, and surprise, the male apparently had a handgun in his clothing, which he produced and fired a single shot towards the Individual Defendants.

22. Rule No. 303, Use of Deadly Force, of the Boston Police Department Rules and Procedures Manual provides, in pertinent part, as follows:

> Sec. 6 Discharge of Firearms: The law permits police officers to use reasonable force in the performance of their duties but only to the degree required to overcome unlawful resistance. This doctrine of "reasonable use of force" applies to the use of firearms as well as to non-lethal force. Also, because of their destructive potential, the use of firearms must be further restricted to the purpose for which they are issued, that of protecting life and limb. The discharge of a firearm by a member of the Department is permissible only when:
>
> A. There is no less drastic means available to defend oneself or another from unlawful attack which an officer has reasonable cause to believe could result in death or great bodily injury;
>
> ….

> Officers who find it necessary, under the provisions of this rule, to discharge firearms <u>shall exercise due care for the safety of persons and property in the area and shall fire only when reasonably certain that there is no substantial risk to bystanders</u>. (emphasis added).

23. Notwithstanding the great risk to Plaintiff given her position on the sidewalk, and that her sister and the young child in the vehicle, also innocent bystanders, were at most a few feet away defendant Marando and one other officer unleashed a barrage of gunfire towards the male, leaving Plaintiff directly in the line of fire with no means of escape.

24. Upon information and belief, the officers felled the male almost instantly, striking him multiple times in the chest.

25. Nevertheless, the two officers continued firing in an excessive manner, discharging their weapons at least thirteen (13) times. In the process, they struck Plaintiff in the left leg and also pierced a window in the public elementary school a block away.

26. As the Individual Defendants had left her completely exposed and on her own during and immediately after the shooting, Plaintiff had to scream for someone to come and help her after the shooting ceased.

27. An officer finally came over to her, laid her down on the ground, and fashioned a tourniquet from her shoelace to stem the heavy blood loss, while the other officers stood over her boasting about their shooting of the male.

28. Plaintiff had to be transported via ambulance to Beth Israel Deaconess Medical Center for emergency treatment of her gunshot wound, which entered one side of her lower left leg, tore through her calf area, and then exited the other side.

29. In addition to the gaping and permanently disfiguring entry and exit holes on her lower left leg, the bullet struck and damaged Plaintiff's Achilles tendon, requiring later surgical

intervention that has left her with continued physical impairment and a permanent and disfiguring scar several inches in length..

30. Plaintiff suffered intense pain, extensive bleeding, swelling, numbness to touch, emotional shock, and extreme fear, anxiety and mental distress.

31. After discharge from her initial in-patient hospitalization, Plaintiff was physically unable to work or properly care for her children's needs or participate in their sports and other activities for at least six weeks, and was extremely fearful, anxious, and apprehensive.

32. Plaintiff required daily home care visits to clean her wound and change the dressings, assist with her pain management, and for physical therapy both initially and after the subsequent surgical repair of her Achilles tendon.

33. Plaintiff has required ongoing mental health treatment to cope with the extreme fear, anxiety, and other emotional effects of the incident.

34. At all times during the events and circumstances outlined above, Plaintiff was a completely innocent bystander, has never been suspected of criminal conduct, was never charged with any crime, and was never issued any citation of any kind regarding the subject incident(s).

35. Plaintiff's damages include the substantial medical and related expenses incurred in treating and rehabilitating the physical injuries to her left leg, her severe physical and emotional pain and suffering, emotional distress, and lost income.

## FIRST CAUSE OF ACTION
Violation of 42 U.S.C. Section 1983, Fourth and Fourteenth Amendments

36. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

37. In doing the acts complained of herein, the Individual Defendants at all times were acting under color of law.

38. The Individual Defendants had no justification for using force, much less deadly force, against Plaintiff, a law abiding citizen and innocent bystander.

39. Even if the Individual Defendants had reason to use force to subdue a third party unrelated to Plaintiff, the force they used was unreasonable and excessive under the circumstances and violated the Boston Police Department's express rules concerning use of deadly force where there exists substantial risk to bystanders.

40. As a legal result of such conduct, the Individual Defendants deprived Plaintiff of her clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, to be free from unreasonable force, arbitrary government action, and.deprivation of life, liberty or property without due process of law.

41. The Individual Defendants' conduct, including but not limited to their use of deadly force in violation of express Boston Police Department rules requiring officers to refrain from such force if substantial risk to bystanders -- such as Plaintiff and others within this densely populated school zone --exists, reflects a knowing and/or deliberate indifference to Plaintiff's rights that is shocking to the conscience.

42. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered the injuries and damages described above.

**SECOND CAUSE OF ACTION**
Massachusetts Civil Rights Act, M.G.L. c. 11, § 12

43. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

44. The Individual Defendants violated Plaintiff's rights under state and federal law to be free from unreasonable force.

45. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered the injuries and damages described above.

## THIRD CAUSE OF ACTION
Assault and Battery

46. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

47. By the conduct alleged herein, the Individual Defendants placed Plaintiff in immediate and imminent fear of death and/or bodily harm.

48. By the conduct alleged herein, the Individual Defendants violently touched, battered, and/or handled Plaintiff in a harmful and/or offensive manner.

49. The Individual Defendants' conduct was without consent and/or legal justification and was malicious, oppressive, and/or conducted with reckless disregard for the rights and safety of others, including Plaintiff.

50. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered damages as described above.

## FOURTH CAUSE OF ACTION
Intentional and/or Reckless Infliction of Emotional Distress

51. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

52. The Individual Defendants knew or should have known that emotional distress was the likely result of their aforesaid conduct.

53. The Individual Defendants' conduct, including but not limited to at least two officers recklessly discharging their firearms notwithstanding the substantial risk both physical and emotional distress to Plaintiff, and in disregard of police department rules, and

in otherwise failing to take reasonable precautions for the safety of Plaintiff prior to engaging in a gun battle with the male suspect, was extreme and outrageous.

54. By their actions, the Individual Defendants proximately caused Plaintiff severe emotional distress, anxiety, and fear for her life and the lives of her sister and young niece.

55. The emotional distress suffered by Plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.

## **FIFTH CAUSE OF ACTION**
Massachusetts Tort Claim Act -M.G.L. c. 258 vs. City

56. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

57. The Individual Defendants, acting in the course and scope of their employment, owed a duty of care to Plaintiff and other bystanders to reasonably ensure there was no substantial risk to her prior to employing deadly force against the male suspect.

58. The Individual Defendants breached their duty of care to Plaintiff by discharging their weapons despite that she was in the direct line of fire and immediate zone of danger, without means of escape.

59. In addition, the Individual Defendants discharged their weapons excessively and carelessly under the circumstances.

60. As a proximate result of the Individual Defendants' negligence, Plaintiff suffered significant and permanent physical injuries, severe emotional distress, fear and anxiety, and other damages.

61. The City is liable for Plaintiff's injuries caused by the negligent or wrongful act or omission of the Individual Defendants whose conduct alleged herein occurred within the course and scope of their employment.

## SIXTH CAUSE OF ACTION
42 U.S.C. § 1983 *Monell* Claim vs. City of Boston

62. Plaintiff realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

63. Upon information and belief, the City failed to properly train its police officers, including but not limited to the Individual Defendants, with respect to use of deadly force in innocent bystander situations thereby failing to adequately discourage constitutional violations on the part of its officers.

64. Additionally, upon information and belief it was the policy and/or custom of the City to inadequately investigate and/or otherwise tolerate violations of departmental rules, including but not limited to Rule 303 of the Boston Police Department Rules and Procedures Manual.

65. The above described policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within the City and were the cause of the violation of Plaintiff's rights alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Niquel Reid prays that this Honorable Court:

1. Award Plaintiff compensatory and punitive damages against all defendants, jointly and severally, in an amount to be determined at trial;

2. Award Plaintiff special damages against all defendants, jointly and severally, in an amount to be determined at trial;

3. Award Plaintiff compensation for her pain and suffering, emotional distress, and other expenses, jointly and severally, in an amount to be determined at trial;

4. Award Plaintiff the costs incurred herein, plus her reasonable attorney's fees in

accordance with 28 U.S.C. § 1983 and M.G.L. c. 12 § 11I; and

    5.    Award Plaintiff such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a jury trial on all counts of this complaint.

                Respectfully submitted,
                NIQUEL REID
                By her counsel,

                /s/ Christine R. Fitzgerald

                Christine R. Fitzgerald (BBO 637906)
                Belcher Fitzgerald LLP
                112 Water Street, Suite 203
                Boston, MA 02109
                (617) 368-6890
Dated:  January 31, 2013        cfitzgerald@belcherfitzgerald.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013, I served a true copy of the above document upon the attorney of record for the defendants through the Court's CM/ECF system and that paper copies will be sent to those identified as non-registered participants.

                /s/ Christine R. Fitzgerald
                Christine R. Fitzgerald